UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN D. BENNETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>SCOUTING AMERICA ALOHA COUNCIL #4, SCOUTING AMERICA,<br><br>        Defendants. | CIV. NO. 24-00407 LEK-WRP |

**ORDER DISMISSING CASE WITH PREJUDICE**

On September 20, 2024, pro se Plaintiff Nathan D. Bennett ("Plaintiff") filed the Complaint for a Civil Case Alleging Negligence ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 4.] On November 26, 2024, the Court issued an order dismissing Plaintiff's Complaint with leave to amend and reserving ruling on Plaintiff's Application ("11/26 Order"). [Dkt. no. 7.[1]] On January 27, 2025, Plaintiff filed an Amended Complaint. [Dkt. no. 9.]

The standards for screening a pro se complaint and an application to proceed *in forma pauperis* were stated in the 11/26 Order and will not be repeated here at length. [11/26 Order at 2-3.]

---

[1] The 11/26 Order is also available at 2024 WL 4894637.

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). In relevant part, Federal Rule of Civil Procedure Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Under Rule 8, a complaint should "set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Even liberally construing Plaintiff's operative complaint, see Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987), Plaintiff fails to state a claim upon which relief can be granted. Plaintiff appears to be bringing the same negligence claims he alleged in his first complaint, and adds a list of statutes which may also have been violated. Compare Complaint at pg. 4, with Amended Complaint at PageID.82-87. Plaintiff's allegations are conclusory, and violate Rule 8. Plaintiff may

not merely list statutes that may have been violated, see Amended Complaint at PageID.85-86, but must identify factual allegations that support a violation of such statutes. Indeed, Plaintiff even acknowledges that some of these statutes might not be applicable. See id. at PageID.85. Nor does Plaintiff identify the general elements of a cause of action under any of the statutes allegedly violated. Plaintiff's general and conclusory statements, such as "Negligence to act involving Use and Harassment of Plaintiff by failing to address or prevent harassment or abuse within the organization," and "Negligence to act in Youth Protection involving failing to implement and enforce safety policies and procedures to protect children from harm," are not supported by sufficient factual allegations. See id. at PageID.84-85. As such, the defendant has not been put on notice of the claims alleged against it. The Amended Complaint must be dismissed on this basis.

Because Plaintiff was provided an opportunity to amend his complaint to state clear claims for relief, and Plaintiff failed to do so, dismissal is with prejudice. It is clear that granting Plaintiff leave to amend the complaint again would be futile. See 11/26 Order at 7 (cautioning Plaintiff that, if he does not file an amended complaint or if the amended complaint does not cure the defects identified in the 11/26 Order, Plaintiff's claims would be dismissed with prejudice); see also

Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

## CONCLUSION

On the basis of the foregoing, Plaintiff's Amended Complaint, filed January 27, 2025, is HEREBY DISMISSED WITH PREJUDICE. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 20, 2024, is DENIED as moot. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter final judgment and close the case on **March 13, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 26, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**NATHAN D. BENNETT VS. SCOUTING AMERICA ALOHA COUNCIL #104, ET AL; CV 24-00407 LEK-WRP; ORDER DISMISSING CASE WITH PREJUDICE**